UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KERRY NHEP,

    Petitioner,

v.

FRED FOULK, Acting Warden,[1]

    Respondent.

Case No. 12-cv-6226-VC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY**

Petitioner Kerry Nhep has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the validity of a judgment obtained against him in state court. For the reasons set forth below, the petition is denied.

**BACKGROUND**

Nhep was convicted in state court of murder, premeditated attempted murder and assault with a firearm after shooting at people in front of the Blue and Gold Liquor Store in Oakland.[2] Nhep seeks habeas relief based on arguments that: (i) the trial court's rejection of his proposed accomplice jury instructions violated his due process rights; (ii) the trial court's decision to instruct the jury with CALJIC 2.21.2 violated his due process rights; (iii) he received ineffective

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Fred Foulk as Respondent because he is Petitioner's current custodian.

[2] The facts of the case are familiar to the parties and were set forth in the California Court of Appeal opinion. *People v. Nhep*, No. A126577, 2011 WL 2581834 (Cal. Ct. App. Jun. 30, 2011) (unpublished).

assistance of counsel; and (iv) the prosecutor committed misconduct. The California Court of Appeal rejected these arguments. In so doing, the Court of Appeal neither applied federal law unreasonably nor made an unreasonable determination of the facts within the meaning of 28 U.S.C. § 2254(d).

## LEGAL STANDARD

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion of the highest court to analyze whether the state judgment was erroneous under the standard of § 2254(d*). Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). In the present case, the highest court to issue a reasoned decision on Nhep's claims is the California Court of Appeal.

## DISCUSSION

### I. Accomplice Testimony

The Court of Appeal concluded that the witnesses Nhep identifies were not accomplices under California law, thus obviating the need to give the accomplice jury instructions. *Nhep*, 2011 WL 2581834, at *6-7. On federal habeas review, a claim based on a state court's interpretation of its own law and its own jury instructions is not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (that an instruction was incorrect under state law provides no basis for habeas relief);

2

*see also Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005) (state court's determination that, under state law, insufficient evidence warranted a defense instruction, was dispositive of instructional error claim). On this basis alone, Nhep's claim fails.

Moreover, the United States Supreme Court has held that the corroboration of accomplice testimony is not constitutionally mandated. *See United States v. Augenblick*, 393 U.S. 348, 352 (1969); *see also United States v. Lopez*, 803 F.2d 969, 973 (9th Cir. 1986) ("uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face"). Nor has the Supreme Court determined that a cautionary instruction is constitutionally required when accomplice testimony is used. *Arana v. Grounds*, 2014 WL 106781, *10 (N.D. Cal. Jan. 10, 2014). Nhep's claim fails for this reason as well.

Finally, even if constitutional error occurred, it did not have a substantial and injurious effect or influence on the jury's verdict. *See Brecht*, 507 U.S. at 638. Nhep admitted he was at the Blue and Gold Liquor Store at the time of the shooting, a surveillance tape showed Nhep's image and his vehicle at the scene of the crime and evidence showed Nhep asked his friends to lie about events that occurred at the Liquor Store and he directed others to dispose of his gun. *See Nhep*, 2011 WL 2581834, at *8.

**II. CALJIC No. 2.21.2**

Nhep contends the trial court reduced the prosecution's burden of proof by instructing the jury with CALJIC No. 2.21.2, which provides: "A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars." Nhep argues this instruction allowed the jury to convict him under a "probability of truth" standard.

This claim is foreclosed by *People v. Maury*, 30 Cal 4th 342, 429 (2003) and *Turner v. Calderon*, 281 F.3d 851, 865-66 (9th Cir. 2002) in which the California Supreme Court and the Ninth Circuit determined that CALJIC 2.21.2 does not reduce the prosecution's burden of proof. In *Maury*, the Court stated:

CALJIC No. 2.21.2 does nothing more than explain to a jury one of the tests they may use

3

>in resolving a credibility dispute. . . . When CALJIC No. 2.21.2 is considered in context with CALJIC Nos. 102 (consider instructions as a whole) and 2.90 (burden of proof), "the jury was adequately told to apply CALJIC No. 2.21.2 only as part of the process of determining whether the prosecution had met its fundamental burden of proving (defendant's) guilty beyond a reasonable doubt.

*Maury*, 30 Cal. 4th at 429.

The trial court instructed the jury with CALJIC No. 1.01 and CALJIC No. 2.90. As reasonably determined by the California Court of Appeal, CALJIC 2.21.2, considered in the context of the jury instructions as a whole, did not reduce the prosecution's burden of proof. *See Nhep*, 2011 WL 2581834, at *10.

### III. Ineffective Assistance of Counsel Claim

Nhep argues his counsel was ineffective for failing to "adequately articulate the reasons why the four key witnesses were accomplices and failing to request instructions on aiding and abetting and the natural consequences of cause and effect." Pet. at 11. Defense counsel requested accomplice instructions, but they were denied by the trial court. Reporter's Transcript ("RT") at 477-79. Nevertheless, Nhep argues that counsel should have argued more forcefully on the ground that the alleged accomplices were gang members. Counsel did argue there was evidence of gang membership but, as pointed out by the trial court, Nhep himself testified that he was not a gang member. RT at 478.

The Court of Appeal found that counsel's failure to request accomplice instructions did not constitute deficient performance because the trial court did not err in failing to give such instructions. *See Nhep*, 2011 WL 2581834, at *8 n.12. This conclusion was not objectively unreasonable. *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) (failure to take a futile action does not constitute ineffective assistance of counsel).

### IV. Prosecutorial Misconduct Claim

Nhep argues that the prosecutor committed misconduct in his closing argument by characterizing the reasonable doubt standard as a "shield to protect the innocent . . . [and] not a loophole for the guilty." RT at 552. Nhep defaulted on this claim because defense counsel did not object to the prosecutor's statement. *See Ylst*, 501 U.S. at 806 (California's contemporaneous objection rule constitutes a valid procedural default); *Rich v. Calderon*, 187 F.3d 1064, 1070 (9th

4

Cir. 1999) (prosecutor misconduct claim barred from federal habeas review because of failure to make contemporaneous objections to prosecutor's comments).

In any event, although the California Court of Appeal was critical of the prosecutor's comment, it explained that, when taken in context, it was clear the prosecutor was not urging the jury to convict on a lower standard of proof. *Nhep*, 2011 WL 2581834, at *9. The Court of Appeal pointed out that the prosecutor's comment was a single comment in a long closing argument, and the prosecutor told the jury that the trial judge "will instruct you on" reasonable doubt and "tell you what that means," and the trial court did instruct on reasonable doubt. *Id.*; RT at 551-52; 579. The Court of Appeal's determination that, in context, the prosecutor's statement did not infect the trial with unfairness was not objectively unreasonable. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (habeas relief based on prosecutor's comments in closing argument warranted only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process.").

**V. Evidentiary Hearing**

Nhep requests an evidentiary hearing, but fails to indicate what evidence he would present at such a hearing. Nhep is entitled to an evidentiary hearing on disputed facts if his allegations, if proven, would entitle him to relief. *Perez v. Rosario*, 459 F.3d 943, 954 n.5 (9th Cir. 2006); *Williams v. Calderon*, 52 F.3d 1465, 1484 (9th Cir. 1995). Nhep is not entitled to an evidentiary hearing because he has failed to present any allegations which, if proven, would entitle him to relief.

**CONCLUSION**

For the reasons stated above, the Court of Appeal's decision did not involve an unreasonable application of Supreme Court authority, nor did it involve an unreasonable determination of the facts. The petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall substitute Fred Foulk as Respondent.  The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated:  July 10, 2014

_____
VINCE CHHABRIA
United States District Judge